**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TIFFANY HOUSTON | : | Case No.: 1:25-cv-441 |
| 875 Millers Run Court | : | |
| Hamilton, OH 45011 | : | Judge: _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPGEMINI AMERICA, INC. | : | |
| C/O Corporation Service Company | : | **PLAINTIFF'S COMPLAINT** |
| 1160 Dublin Road, Suite 400 | : | **WITH JURY DEMAND** |
| Columbus, OH 43215 | : | **ENDORSED HEREON** |
| | : | |
| Defendant. | : | |

Plaintiff Tiffany Houston complaining of Defendant Capgemini America, Inc. alleges as follows:

## PARTIES

1. Plaintiff Tiffany Houston is a citizen and resident of the state of Ohio.

2. Defendant Capgemini America, Inc. ("Defendant") is a foreign Corporation.

3. Defendant is an employer within the meaning of state and federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C §1331 because it arises under the laws of the United States.

5. This Court has supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367 on the grounds that it is related to the federal claim, over which this Court has original jurisdiction, that they form part of the same case or controversy.

6. Plaintiff's Count I arises under the Civil Rights Act of 1964 as amended.

7. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in the Southern District of Ohio, Western Division.

8. Plaintiff filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 29, 2024.

9. The EEOC did not rule that her charge was untimely.

10. The EEOC dual-filed Plaintiff's Charge pursuant to the Ohio Civil Rights Commission's workshare agreement with the Equal Employment Opportunity Commission.

11. Plaintiff received a Notice of Right to Sue from the EEOC dated April 1, 2025, attached hereto as Exhibit A.

12. Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of Right to Sue.

13. Plaintiff has met all her procedural prerequisites for her Title VII and Ohio law claims.

## FACTUAL ALLEGATIONS

14. Plaintiff is a Black female.

15. Plaintiff began her employment with Sogeti, a division of Capgemini America, Inc., on March 1, 2021, as a Manager Consultant located in Blue Ash.

16. Defendant provides consulting, professional, application, and management services.

17. In September 2021, Plaintiff began an assignment for Kroger as a Project Manager.

18. From September 2021 to approximately August 2023, Plaintiff reported to Meg Sales-Bradley at Kroger.

19. However, after Ms. Sales-Bradley left her role, Plaintiff began reporting to Lisa Stark, a Caucasian female.

20. While reporting to Ms. Sales-Bradley, Plaintiff supported various projects for Kroger in Atlanta, Dallas, Frederick and Chicago. Plaintiff also lead projects in Detroit, Denver, Kentucky, and Colorado Springs.

21. When Ms. Stark began managing Plaintiff, she directed Plaintiff to share tasks with John Plassenthal, a Caucasian male employed by TekSystems, a competitor to Defendant.

22. Ms. Stark claimed that Mr. Plassenthal needed work; otherwise he would be released from his role.

23. Plaintiff handed off several assignments to Mr. Plassenthal as requested.

24. On September 22, 2023, Ms. Stark demanded that Plaintiff be removed from her assignment at Kroger claiming Plaintiff was "unhappy."

25. Defendant removed Plaintiff immediately without explanation and placed her on "the bench."

26. Plaintiff requested details from Defendant regarding her separation and questioned her immediate removal. In the past, all employees of Defendant who requested to be removed from their assignments were given weeks to offboard. Because Defendant removed her immediately, Plaintiff expressed concerns for her reputation.

27. At the time of her removal, Plaintiff was the only Black female on the team.

28. Plaintiff interviewed for another position within Kroger, and did not receive an offer. Defendant claimed that "financial issues" prevented Kroger from hiring her for the role.

29. However, Kroger soon hired a white male to fill the role.

30. Defendant terminated Plaintiff on December 8, 2023. Plaintiff is aware of others Defendant permitted to remain on the bench for substantially longer than 11 weeks.

31. Shortly after her termination, Defendant placed Chris Dorsch, a Caucasian male, in a role for which Plaintiff was qualified at Kroger.

## COUNT I

### (Race Discrimination - Title VII)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff is African American.

34. Plaintiff was at all relevant times fully qualified for the positions which she held and applied.

35. Defendant treated Plaintiff differently than Caucasian employees.

36. Defendant permitted Kroger to discriminate against Plaintiff.

37. Defendant hired a less qualified, less experienced Caucasian applicant, rather than Plaintiff, based on her race rather than any legitimate reason in violation of Title VII.

38. Defendant's conduct was willful, intentional, wanton, malicious, and in conscious disregard of Plaintiff's rights.

4

39. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under Title VII.

## COUNT II

### (Race Discrimination – R.C. Chapter 4112)

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. Plaintiff is African-American.

42. Plaintiff was at all relevant times fully qualified for the positions which she held and applied.

43. Defendant treated Plaintiff differently than Caucasian employees.

44. Defendant permitted Kroger to discriminate against Plaintiff.

45. Defendant hired a less qualified, less experienced Caucasian applicant, rather than Plaintiff, based on her race rather than any legitimate reason in violation of R.C. Chapter 4112.

46. Defendant's conduct was willful, intentional, wanton, malicious, and in conscious disregard of Plaintiff's rights.

47. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under R.C. Chapter 4112.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

   b) That Plaintiff be awarded all pay and benefits as a result of Defendant's actions;

c)     That Plaintiff be awarded liquidated damages as a result of Defendant's actions;

d)     That Plaintiff be awarded pre-judgment and post-judgment interest as a result of Defendant's actions;

e)     That Plaintiff be awarded reasonable attorney's fees and costs from Defendant;

f)     That plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

g)     That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Katherine Daughtrey Neff*
Katherine Daughtrey Neff (0082245)
Trial Attorney for Plaintiff
Freking, Myers, & Reul LLC
600 Vine Street, Ninth Floor
Cincinnati, Ohio 45202
Ph: (513) 721-1975/ Fax: (513) 651-2570
*kneff@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Katherine Daughtrey Neff*